UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICKY SATTERWHITE, | ) | CASE NO. C07-2071-RSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| KING COUNTY REGIONAL JUSTICE CENTER, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff presents to this Court for filing a proposed civil rights complaint under 42 U.S.C. § 1983. (Dkt. 1.) He names King County Regional Justice Center and Correctional Officers Brey and Spivey as defendants. Plaintiff alleges his due process rights were violated when he was deprived of ten days of earned good-time credits following the alleged discovery of cocaine in his cell. He seeks the reversion of his good-time credits, a written reprimand in the personnel files of Brey and Spivey, emotional distress damages, and legal costs and fees. Plaintiff also presented an application to proceed *in forma pauperis* (IFP). (Dkts. 1 & 4.) However, as discussed below, the Court recommends that plaintiff's application to proceed IFP be denied and this action dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) based upon plaintiff's failure

to adequately allege a cause of action under § 1983.

When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Further, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). As more recently stated by the United States Supreme Court: "[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, plaintiff presents a challenge to the duration of his confinement and a finding in his favor and award of the relief sought would necessarily demonstrate its invalidity. He makes no allegation or showing that his confinement has been invalidated or impugned in any respect. Accordingly, plaintiff's claims are not cognizable under § 1983.[1]

A district court should not convert a defective § 1983 claim into a petition for a writ of habeas corpus unless it is clear that the plaintiff intends to bring a habeas petition. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Instead, the district court should dismiss the

---

[1] Because plaintiff's claims are not cognizable for the reason described above, the Court declines to address other deficiencies in plaintiff's proposed complaint as to named defendants.

REPORT AND RECOMMENDATION
PAGE -2

§ 1983 claims without prejudice. *Id.* Therefore, the Court recommends that plaintiff's application to proceed IFP be denied and his § 1983 action be dismissed without prejudice pursuant to § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

DATED this 11th day of January, 2008.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3